Kunkle, J.
This is an action for damages against the defendants as county commissioners of Franklin county on account of their establishing what is claimed to be an unreasonable grade on Seventh street, in front of the premises of plaintiffs in error, whereby it is claimed the easement of in *387 gress and egress to their premises was impaired to their damage in the sum of $600.
The answer of defendants, after admitting the official capacity of the board of county commissioners, denies the other allegations of the petition. The answer, therefore, denies that the board of county commissioners of Franklin county by proper and legal proceedings made the change of grade complained of.
At the conclusion of the testimony defendants in error moved the court to direct a verdict in their . favor upon the ground that the acts complained of were ultra vires and void, and that therefore Franklin county could not be held responsible.
This motion was sustained by the trial court and the jury returned a verdict in favor of defendants in error.
Motion for a new trial was overruled and judgment was entered upon the verdict.
In brief, it appears from the record that in October, 1916, the board of county commissioners of Franklin county, without any previous proceedings ■having been had therefor, let a contract for grading and macadamizing the road in front of the premises of plaintiffs in error.
This improvement involved a cut of between three and four feet below the former surface of the road in front of the premises of plaintiffs in error.
The county commissioners afterwards by resolution adopted this road as part of the plan to eliminate grade crossings over portions of the Hocking Valley Railway Company.
It seems apparent that the new road was constructed for the purpose of permitting traffic to *388 pass between High street and the Smoky Row road and formed a link in the elimination of grade crossings.
Counsel for defendants in error claim that, as no previous proceedings or formal order of the board of county commissioners were had, the contract for the improvement of the said road in front of the premises of plaintiffs in error, and the construction of such road, became the individual act of the defendants who composed the board of county commissioners at that time, and that defendants in error were not acting in their official capacity as public officers; that before Franklin county can be held liable it must affirmatively appear that regular proceedings for the establishment of such grade were had and that a formal order was entered by the board of county commissioners authorizing the improvement in question.
It is admitted that the record of the county commissioners does not show that any formal action was taken by the board of county commissioners prior to the letting of the contract aforesaid.
Counsel upon both sides have favored the court with very exhaustive briefs citing and reviewing many authorities.
We have considered the authorities so cited, but shall not attempt to review them in detail.
We think the authorities in this state sustain the view that no formal action or proceeding is required by the board of county commissioners prior to their improvement of a road, in order to create a liability against the count}'- for the making of an unreasonable grade in front of the premises of an abutting property owner.
*389 The county commissioners are charged by law with the maintenance and improvement of highways, and, although they may have proceeded irregularly in the first instance, yet it appears that (subsequently the improvement in question was formally recognized and adopted by the county commissioners by the passage of Section 3 of the resolution designated as Exhibit No. 7.
Under the circumstances of this case we are of opinion that the acts of the board of county commissioners in the respects complained of were official rather than individual acts, and that the grade of the road in front of the premises of plaintiffs in error, as between the owners of property abutting thereon and the county commissioners, was legally established.
It must be remembered that this is not a case between the contractor upon the one hand and the public upon the other hand in which the validity of a contract is involved.
The following, among other Ohio authorities, might be cited upon the above proposition, namely: Hoshor v. Commrs. of Fairfield County, 14 C. C., N. S., 198, affirmed by supreme court, 84 Ohio St., 503; Smith et al. v. Commissioners, 50 Ohio St., 628.
Counsel in their briefs, and also in the oral argument, have more or less frequently referred to a change of grade in front of the premises of plaintiffs in error. We are of opinion that the petition in this case proceeds upon the theory that an unreasonable grade was established rather than that there was a change of grade.
*390 There is some evidence in the record tending to show that the grade established by the board of county commissioners was unreasonable. There is also evidence tending to show that the grade so established is not an unreasonable grade under all the circumstances disclosed by the record. This is a question for the jury rather than for the court.
We think the trial court was in error in holding as a matter of law that there could be no liability against the county for the action of the county commissioners in cutting down the road in front of the premises of plaintiffs in error. The case should in our opinion álso be submitted to the jury upon the question as to whether the grade so established is or is not an unreasonable grade. The judgment of the lower court will be reversed, and the cause remanded.

Judgment reversed, and cause remanded.

Allread and Ferneding, JJ., concur.